UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 17-cr-251 |
|  | : |  |
| Plaintiff-Respondent, | : | OPINION & ORDER |
|  | : | [Resolving Docs. 18 & 32] |
| v. | : |  |
|  | : |  |
| SHAMAR M. STEVENSON, | : |  |
|  | : |  |
| Defendant-Petitioner. | : |  |
|  | : |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Before the Court are Shamar Stevenson's 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence and his separate motion for compassionate release. For the reasons below, the Court DENIES both motions.

## I.     Background

In 2017, Stevenson pled guilty with a plea agreement to Possession of Ammunition by a convicted felon in violation of 18 U.S.C.§§ 922(g)(1) and 924(a)(2).[1]  The Court then sentenced Stevenson to a 57-month prison term.[2]

More than a year and a half later, Petitioner filed the § 2255 motion at issue here.[3] Stevenson alleges errors related to the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019).  The Government opposes.[4]

After that, Stevenson filed a 18 U.S.C. § 3582(c)(1)(A) compassionate release motion to reduce his sentence, citing his condition of Asthma and the COIVD-19 pandemic.[5]

---

[1] Doc. 11.
[2] Doc. 16.
[3] Doc. 18.
[4] Doc. 20.
[5] Doc. 32.

Case No.
GWIN, J.

Both of Stevenson's motions are *pro se* and they are accordingly held to less stringent standards than counsel-drafted pleadings.[6]

## II.    Section 2255 Motion

Generally, a § 2255 motion must be filed within one year of a judgment becoming final.[7] But under 28 U.S.C. § 2255(f)(3), the one-year limit restarts from the date where "a right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."[8]

While the Sixth Circuit has not yet addressed *Rehaif's* application under § 2255(f)(3), this Court follows the many decisions finding that the Supreme Court has not said that *Rehaif* applies retroactively.[9] Therefore, Stevenson cannot invoke the § 2255(f)(3) exception and his claims remain time-barred.

In any event, *Rehaif* does not reach this case.  In *Rehaif,* the Court determined that "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."[10] But whether or not Stevenson knew that he had previously been convicted of a felony was not at issue: As the Government brief notes, Stevenson's plea agreement recounts that Stevenson told a federal agent that he was previously convicted of a felony.[11]

---

[6] *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam).

[7] 28 U.S.C. § 2255(f)(1).

[8] 28 U.S.C. § 2255(f)(3).

[9] *See United States v. Hasan*, No. 1:15-CR-188, 2021 WL 2784445, at *3 (N.D. Ohio July 2, 2021) (collecting cases).

[10] 139 S. Ct. at 2200.

[11] Doc. 20 at 7; *see also Johnson v. United States*, No. 5:18CR153, 2021 WL 4710328, at *3 (N.D. Ohio Oct. 8, 2021) (finding Government need not prove that Defendant knew that "his prior convictions prohibited him from possessing a weapon.").

Case No.
GWIN, J.

In addition, Stevenson served a multiple-year sentence in an earlier case.  He cannot claim that he was unaware that the earlier crime was punishable by imprisonment for more than a year.

### III.    Compassionate Release Motion

Under 18 U.S.C. § 3582(c)(1)(A)(i), the Court may modify a defendant's prison term once the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[12]  If a defendant does not meet the exhaustion requirement, their motion should be dismissed.[13]  Stevenson gives no indication that his claim is exhausted and his claim should therefore be dismissed on that ground.

Further, Stevenson has not shown that his is eligible for compassionate release.  To evaluate eligibility, the Court must: (1) "find that extraordinary and compelling reasons warrant [a sentence] reduction," (2) "ensure that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) "consider[ ] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)."[14]

While the CDC recognizes Asthma as a condition that could put a person at a greater risk of serve illness if they contract COVID-19,[15] without additional health conditions or other heightened-risk factors (such as age), the Court does not find Stevenson's condition to present an extraordinary and compelling reason to grant relief.

---

[12] 18 U.S.C. § 3582(c)(1)(A)(i.
[13] *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020).
[14] *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)).
[15] Centers for Disease Control and Prevention, *People with Moderate to Severe Asthma* (Apr. 7, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/asthma.html.

Case No.
GWIN, J.

Additionally, Stevenson's past criminal history and his nearing release date weigh in favor

of maintaining Defendant's current sentence.

IV.    Conclusion

For the foregoing reasons, the Court DENIES Stevenson's § 2255 and compassionate

release motions.

IT IS SO ORDERED.


Dated: October 27, 2021                         s/      James S. Gwin
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE